```
 1  NORMAN L. SMITH [SBN 106344]
    nsmith@swsslaw.com
 2  EDWARD J. MCINTYRE [SBN 80402]
    emcintyre@swsslaw.com
 3  SOLOMON WARD SEIDENWURM & SMITH, LLP
    401 B Street, Suite 1200
 4  San Diego, California 92101
    Telephone: (619) 231-0303
 5  Facsimile: (619) 231-4755

 6  Attorneys for Mad Engine, Inc., a California
    corporation, and Sadik Albert Amato, an
 7  individual
```

FILED
2008 MAR 25 PM 3:12
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY ____YNH____ DEPUTY

## UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAD ENGINE, INC., a California corporation, and SADIK ALBERT AMATO, an individual,<br><br>    Plaintiffs,<br><br>v.<br><br>THE NEW YORK NETWORKS, INC., a Delaware corporation; NEW YORK NETWORKS, a Nevada corporation; and DAVID WALSH, an individual,<br><br>    Defendant. | CASE NO. '08 CV 0558 J LSP<br><br>**COMPLAINT FOR DECLARATORY JUDGMENT**<br><br>**AND**<br><br>**DEMAND FOR JURY TRIAL** |

P:00415416:07637.002

COMPLAINT

# I
# THE PARTIES

**The Plaintiffs.**

1.     Mad Engine, Inc. is a California corporation with its principal place of business in San Diego, California.

2.     Sadik Albert "Alby" Amato is a resident and citizen of California.

**The Defendants.**

3.     To plaintiffs' knowledge, The New York Networks, Inc. (New York Networks) is a Delaware corporation with its principal place of business in Las Vegas, Nevada.

4.     David Walsh, an individual, is, to plaintiffs' knowledge, a citizen and resident of Florida.

5.     To plaintiffs' knowledge, New York Networks (NYN) is a Nevada corporation with its principal place of business in either Las Vegas or Carson City, Nevada.

# II
# JURISDICTION AND VENUE

6.     This Court also has jurisdiction pursuant to the provisions of 28 U.S.C. §§ 1331 and 1337 in that it is a civil action arising under the Constitution, laws or treaties of the United States, specifically the Securities Act of 1933 and the Exchange Act of 1934, 15 U.S.C. §§ 77, *et seq.*

7.     This Court also has jurisdiction pursuant to the provisions of 28 USC § 1332(a)(1) because it is a civil action in which the matter in controversy exceeds $75,000, exclusive of interest and costs, and is between citizens of California and citizens of different states, Nevada, Florida and Delaware.

8.     Finally, this Court has declaratory judgment jurisdiction over this actual controversy pursuant to the provisions of 28 USC § 2201, *et. seq.*

9.     Venue in this district is proper, pursuant to 28 USC § 1391(a)(2), because it is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.  It is also the district in which the parties entered into agreements at issue

and in which New York Networks is subject to personal jurisdiction, since *inter alia*, New York Networks conducts business in San Diego.

## III
## MATERIAL ALLEGATIONS

**Background.**

10. Alby Amato founded Mad Engine in April 1987 and is its president.

11. Mad Engine produces primarily T-shirts, knit tops, jackets, pajamas, both for itself and private label.

12. Mad Engine's success stems from its vast array of licenses. Its licensing partners include: Marvel Comics, Radio Days, The Fast and the Furious, West Coast Chopper, Smokey and the Bandit, Jaws, the Blues Brothers, Union Pacific, The Breakfast Club, Woody Woodpecker and Friends, Lost, The Emperor's New Clothes, Big Boy, Mr. Bill, Popeye and Friends, Felix the Cat, General Motors, Dodge and Mitsubishi.

13. New York Networks is a public reporting corporation, although its common stock was, to Amato and Mad Engine's knowledge, never traded on the NASDAQ National Market System or any other exchange.

14. New York Networks' sole purpose was to acquire the assets and assuming certain liabilities of the Nevada corporation NYN and its subsidiaries, and of Mad Engine.

15. To plaintiffs' knowledge David Walsh, and perhaps others, controlled New York Networks and he spearheaded and actively involved himself in its fundraising activities.

**The Mad Engine/New York Networks Agreement.**

16. On February 22, 2005, Mad Engine entered into a stock purchase agreement with New York Networks, by which New York Networks was to acquire Mad Engine's capital stock for $35 million: $17.5 million in cash; $17.5 million in New York Network stock.

17. David E. Walsh executed that agreement on behalf of New York Networks as its chairman.

**The Money.**

18.  Thereafter, Walsh, both individually and through his companies, purported to raise funds for New York Networks.

19.  Mad Engine and Amato understand that Walsh transferred some $565,000 from investors in other ventures in which Walsh was involved to New York Networks.

20.  In addition, Amato and Mad Engine understand that Walsh raised approximately $720,000 through the sale of New York Networks securities by way of private placement or otherwise.

21.  Mad Engine and Amato have no personal knowledge what Walsh did with those funds, but understand that he may have transferred them to New York Networks.

**Default and Termination of the Stock Purchase Agreement.**

22.  New York Networks never completed its purchase of Mad Engine. Among other things, it never provided either the $17.5 million in cash or the $17.5 million in stock to which it had agreed.

23.  Amato and Mad Engine, through counsel, have informed Walsh and New York Networks that the purchase agreement has terminated because of New York Networks' failure to perform.

24.  Amato and Mad Engine have requested that Walsh and New York Networks acknowledge that the agreement for New York Networks to acquire Mad Engine is terminated.

25.  Walsh and New York Networks have refused to acknowledge termination of any such agreement.

**Accounting.**

26.  Amato personally invested funds in New York Networks both by way of subscription and otherwise in an amount in excess of $75,000.

27.  Mad Engine and Amato have asked Walsh and New York Networks for an accounting for funds it received—both funds that Amato invested or paid, as well as funds

from other investors. Walsh and New York Networks have refused to account for those funds.

## FIRST CLAIM OF RELIEF

## [DECLARATORY JUDGMENT]

28. Mad Engine and Amato incorporate by this reference the allegations in paragraphs 1 through 27, above.

29. An actual case or controversy has arisen between Mad Engine and New York Networks arising out of the stock purchase agreement and the respective rights and duties of the parties.

30. Mad Engine asserts that the stock purchase agreement has terminated, among other things, because of New York Networks' failure to perform, and specifically, its failure to deliver $35 million–$17.5 million in cash; $17.5 million in stock.

31. Although Mad Engine has specifically told New York Networks that the agreement is terminated, New York Networks has failed and refused to acknowledge that termination.

32. Accordingly, pursuant to the provisions of 28 U.S.C. §§ 2201, *et seq.*, Mad Engine seeks a judgment declaring the rights and other legal relations between Mad Engine and New York Networks and specifically that the stock purchase agreement, and any other existing agreements, by which New York Networks or NYN purport to own any or all of Mad Engine or its stock have terminated.

## SECOND CLAIM OF RELIEF

## [DECLARATORY JUDGMENT]

33. Amato and Mad Engine incorporate by reference the allegations in paragraphs 1 through 32, above.

34. An actual case or controversy has arisen between Amato, Mad Engine and New York Networks and Walsh.

35. Amato and Mad Engine—and Amato understands other investors—have invested funds in New York Networks.

36. Amato has sought to learn what has happened to those funds and who purports now to own them.

37. New York Networks and Walsh have failed and refused to provide any accounting for the funds that, as far as Amato or Mad Engine know, Walsh caused to be transferred to New York Networks.

38. Accordingly, pursuant to the provisions of 28 U.S.C. §§ 2201, *et seq.*, Amato and Mad Engine seek a judgment declaring the rights and other legal relations between themselves and New York Networks and Walsh concerning those funds had specifically a detailed accounting from New York Networks and Walsh for those funds.

WHEREFORE, plaintiffs Mad Engine, Inc. and Sadik Albert Amato demand judgment against The New York Networks, Inc., a Delaware corporation; New York Networks, a Nevada corporation, and David Walsh, as follows:

1. For a declaratory judgment that:
    a. That all agreements between New York Networks and/or NYN, on the one hand, and Mad Engine, in the other to acquire Mad Engine in any respect, have terminated.
    b. That Alby Amato is entitled to an accounting and restitution of funds entrusted to David Walsh in connection with Walsh's attempt to obtain funding for the New York Networks or NYN;
2. For an accounting for funds received;
3. For restitution in an amount to be proven at trial;
4. For compensatory damages;

///
///
///
///
///
///

5. For attorneys fees and costs of suit; and

6. For such other and further relief as this Court deems just and proper.

DATED: March 25, 2008                SOLOMON WARD SEIDENWURM & SMITH, LLP

By: _____
NORMAN L. SMITH
EDWARD J. MCINTYRE
Attorneys for Mad Engine, Inc., and Sadik Albert Amato

## JURY DEMAND

Mad Engine, Inc. and Sadik Albert Amato hereby demand a jury trial of all claims triable by a jury.

DATED: March 25, 2008                SOLOMON WARD SEIDENWURM & SMITH, LLP

By: _____
EDWARD J. MCINTYRE
Attorneys for Plaintiff, Mad Engine, Inc. and Sadik Albert Amato

P:00415416:07637.002
6
COMPLAINT

JS 44
(Rev. 07/89)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

## I. (a) PLAINTIFFS
MAD ENGINE, INC., a California corporation, and SADIK ALBERT AMATO, an individual

## DEFENDANTS
THE NEW YORK NETWORKS, INC, a Delaware corporation; NEW YORK NETWORKS, a Nevada corporation; and DAVID WALSH, an individual

FILED
2008 MAR 25  PM 3:16
CLERK US DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _____ DEPUTY

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF** _____
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Norman L. Smith, Esq. [SBN 106344]
Edward J. McIntyre, Esq. [SBN 80402]
Solomon Ward Seidenwurm & Smith, LLP
401 B Street, Suite 1200, San Diego, CA 92101
(619) 238-4823

ATTORNEYS (IF KNOWN)

'08 CV 0558 J LSP

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- [ ] 1 U.S. Government Plaintiff
- [ ] 2 U.S. Government Defendant
- [ ] 3 Federal Question (U.S. Government Not a Party)
- [X] 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PT | DEF | | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [X] 1 | [ ] 1 | Incorporated or Principal Place of Business in This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated and Principal Place of Business in Another State | [ ] 5 | [X] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY.)
15 U.S.C. Sections 77, et seq. and Declaratory Judgment Act, 28 U.S.C. Sections 220, et seq.

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| [ ] 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | [ ] 610 Agriculture | [ ] 422 Appeal 28 USC 158 | [ ] 400 State Reappointment |
| [ ] 120 Marine | [ ] 310 Airplane | [ ] 362 Personal Injury - Medical Malpractice | [ ] 620 Other Food & Drug | [ ] 423 Withdrawal 28 USC 157 | [ ] 410 Antitrust |
| [ ] 130 Miller Act | [ ] 315 Airplane Product Liability | [ ] 365 Personal Injury - Product Liability | [ ] 625 Drug Related Seizure of Property 21 USC 881 | | [ ] 430 Banks and Banking |
| [ ] 140 Negotiable Instrument | [ ] 320 Assault, Libel & Slander | [ ] 368 Asbestos Personal Injury Product Liability | | PROPERTY RIGHTS | [ ] 450 Commerce/ICC Rates/etc. |
| [ ] 150 Recovery of Overpayment & Enforcement of Judgment | [ ] 330 Federal Employers' Liability | | [ ] 630 Liquor Laws | [ ] 820 Copyrights | [ ] 460 Deportation |
| [ ] 151 Medicare Act | [ ] 340 Marine | PERSONAL PROPERTY | [ ] 640 R.R. & Truck | [ ] 830 Patent | [ ] 470 Racketeer Influenced and Corrupt Organizations |
| [ ] 152 Recovery of Defaulted Student Loans (Excl. Veterans) | [ ] 345 Marine Product Liability | [ ] 370 Other Fraud | [ ] 650 Airline Regs. | [ ] 840 Trademark | [ ] 810 Selective Service |
| [ ] 153 Recovery of Overpayment of Veteran's Benefits | [ ] 350 Motor Vehicle | [ ] 371 Truth in Lending | [ ] 660 Occupational Safety/Health | SOCIAL SECURITY | [X] 850 Securities/Commodities/Exchange |
| [ ] 160 Stockholders' Suits | [ ] 355 Motor Vehicle Product Liability | [ ] 380 Other Personal Property Damage | [ ] 690 Other | [ ] 861 HIA (13958) | [ ] 875 Customer Challenge 12 USC 3410 |
| [ ] 190 Other Contract | [ ] 360 Other Personal Injury | [ ] 385 Property Damage Product Liability | LABOR | [ ] 862 Black Lung (923) | [ ] 891 Agricultural Acts |
| [ ] 195 Contract Product Liability | | | [ ] 710 Fair Labor Standards Act | [ ] 863 DIWC/DIWW (405(g)) | [ ] 892 Economic Stabilization Act |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | [ ] 720 Labor/Mgmt. Relations | [ ] 864 SSID Title XVI | [ ] 893 Environmental Matters |
| [ ] 210 Land Condemnation | [ ] 441 Voting | [ ] 510 Motion to Vacate Sentence | [ ] 730 Labor/Mgmt. Reporting & Disclosure Act | [ ] 865 RSI (405(g)) | [ ] 894 Energy Allocation Act |
| [ ] 220 Foreclosure | [ ] 442 Employment | HABEAS CORPUS: | [ ] 740 Railway Labor Act | FEDERAL TAX SUITS | [ ] 895 Freedom of Information Act |
| [ ] 230 Rent Lease & Ejectment | [ ] 443 Housing/ Accommodations | [ ] 530 General | [ ] 790 Other Labor Litigation | [ ] 870 Taxes (U.S. Plaintiff or Defendant) | [ ] 900 Appeal of Fee Determination Under Equal Access to Justice |
| [ ] 240 Torts to Land | [ ] 444 Welfare | [ ] 535 Death Penalty | [ ] 791 Empl. Ret. Inc. Security Act | [ ] 871 IRS - Third Party 26 USC 7609 | [ ] 950 Constitutionality of State Statutes |
| [ ] 245 Tort Product Liability | [ ] 440 Other Civil Rights | [ ] 540 Mandamus & Other | | | [ ] 890 Other Statutory Actions |
| [ ] 290 All Other Real Property | | [ ] 550 Civil Rights | | | |
| | | [ ] 555 Prison Conditions | | | |

## VI. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)
- [X] 1 Original Proceeding
- [ ] 2 Removal from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from another district (specify)
- [ ] 6 Multidistrict Litigation
- [ ] 7 Appeal to District Judge from Magistrate Judgment

## VII. REQUESTED IN COMPLAINT:
[ ] CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $ 75,000+
CHECK YES only if demanded in complaint:
JURY DEMAND: [X] YES  [ ] NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE _____  Docket Number _____

DATE
March 25, 2008

SIGNATURE OF ATTORNEY OF RECORD
/s/ Edward J. McIntyre

EDWARD J. MCINTYRE

::ODMA\PCDOCS\WORDPERFECT\22816\1 January 24, 2000 (3:10pm)

149098 #350  sa 3/25/08

```
        UNITED STATES
        DISTRICT COURT
    SOUTHERN DISTRICT OF CALIFORNIA
         SAN DIEGO DIVISION

    # 149098      - SH
    * * C O P Y * *
       March 25, 2008
          15:14:20


       Civ Fil Non-Pris
USAO #.: 08CV0558
Judge..: NAPOLEON A JONES, JR
Amount.:                 $350.00 CK
Check#.: BC9178



    Total->    $350.00


FROM: MAD ENGINE INC V. NEW YORK
      NETWORKS
```