# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MAD ENGINE, INC., a California corporation, and SADIK ALBERT AMATO, an individual,<br><br>　　　　　　　　　　　　Plaintiffs,<br>　vs.<br><br>THE NEW YORK NETWORKS, INC., a Delaware corporation; NEW YORK NETWORKS, a Nevada corporation; and DAVID WALSH, an individual,<br><br>　　　　　　　　　　　　Defendants. | CASE NO. 08cv0558 DMS (WVG)<br><br>**ORDER GRANTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**<br><br>[Docket No. 72] |

　　　　This case comes before the Court on Plaintiffs' motion for summary judgment against Defendant Walsh. Defendant Walsh filed an opposition to the motion, and Plaintiffs filed a reply. The motion came on for hearing on April 16, 2010. Edward McIntyre appeared on behalf of Plaintiffs, and Jon Cantor appeared on behalf of Defendant Walsh. After thoroughly reviewing the parties' briefs, evidence and the record on file herein, the Court grants the motion.

　　　　The central issue in deciding the motion for summary judgment is whether the Court should allow Defendant Walsh to present evidence in opposition to the motion. Plaintiffs argue Defendant Walsh should be precluded from presenting any such evidence pursuant to Federal Rule of Civil Procedure 37(c)(1). Defendant Walsh disagrees.

///

Federal Rule of Civil Procedure 37(c)(1) states:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

Fed. R. Civ. P. 37(c)(1). This Rule "provides a self-executing sanction for failure to make a disclosure required by Rule 26(a), without need for a motion under subdivision (a)(2)(A)." Fed. R. Civ. P. 37(c)(1) advisory committee notes (1993). The sanction is "automatic," and "provides a strong inducement for disclosure of material that the disclosing part would expect to use as evidence, whether at a trial, at a hearing, or on a motion, such as one under Rule 56." *Id.* The Ninth Circuit gives "particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citing *Ortiz-Lopez v. Sociedad Espanola de Auxilio Mutuo Y Beneficiencia de Puerto Rico*, 248 F.3d 29, 34 (1st Cir. 2001)).

Here, Plaintiffs assert Defendant Walsh failed to comply with Federal Rule of Civil Procedure 26(a)(1)(A)(ii) by failing to provide any documents during discovery. Plaintiffs contend Defendant Walsh then failed to respond to Plaintiffs' request for production of documents, request for admissions, and deposition notices. Finally, Plaintiffs assert Defendant Walsh failed to comply with Federal Rule of Civil Procedure 26(a)(3) by failing to provide any pretrial disclosures. As the party facing Rule 37(c)(1) sanctions, Defendant Walsh has the burden of proving that his failure to comply with these Rules was substantially justified or harmless. *Id.* at 1107.

In response to the accusation concerning Rule 26(a)(1)(A)(ii), Defendant Walsh states he provided documents to his former attorney, Steven Gourley, and he does not know why Mr. Gourley failed to provide the documents to Plaintiffs. (*See* Decl. of David Walsh in Opp'n to Mot. ("Walsh Decl.") at 5-7.) In support of this statement, Defendant Walsh provides copies of e-mails he sent to Mr. Gourley that purportedly attach documents relevant to this case. (*See* Notice of Lodgment of Exs. in Supp. of Mot., Ex. UU.) One of those e-mails indicates that documents are attached, and the others provide Mr. Gourley with directions on how to obtain other documents. (*See id.*) Notably, Defendant

1    Walsh submitted a declaration from Mr. Gourley in support of his opposition to the motion, but Mr.
2    Gourley fails to corroborate Mr. Walsh's recitation of the facts. In any event, Plaintiffs correctly point
3    out that "clients must be held accountable for the acts and omissions of their attorneys." *Pioneer*
4    *Investment Services Co. v. Brunswick Associates Ltd. Partnership*, 507 U.S. 380, 396 (1993). Here,
5    Defendant Walsh states, "I have no idea, as of the date of preparing this declaration why my prior
6    attorney did not produce the documents I had given him." (Walsh Decl. at ¶22.) This does not
7    establish substantial justification for failing to comply with Rule 26(a)(1)(A)(ii).

8    Next, Defendant Walsh states he did not respond to Plaintiffs' discovery requests because they
9    were mailed to the wrong address. According to the proof of service, Plaintiffs sent this discovery via
10   U.S. mail to two addresses: 240 Brickell Key Drive, Unit 1024, Miami, FL 33131 and 18180 Old
11   Coach Drive, Poway, CA 92064. (Notice of Lodgment of Exs. in Supp. of Mot., Ex. 10.) Defendant
12   Walsh states this Brickell Key address is incorrect, and his current and correct address is 540 Brickell
13   Key Drive, Unit 1024, Miami FL 33131. He also states he "would never have received those
14   documents because I was no longer living" at the Poway address. (Walsh Decl. at ¶ 31.)

15   The record supports Defendant Walsh's assertion that Plaintiffs mailed the discovery to an
16   incorrect address in Florida, and thus Defendant Walsh would not have received documents mailed
17   to that address. However, the record is in conflict on the Poway address. Defendant Walsh states he
18   would not have received documents mailed to that address because he was no longer living there, but
19   there is evidence that Defendant Walsh used the Poway address as recently as January of this year.
20   (*See* Notice of Lodgment of Exs. in Supp. of Mot., Exs. Q, T.) Absent an explanation for this conflict,
21   and more specific information about when he stopped living at the Poway address, Defendant Walsh
22   has not provided substantial justification for his failure to respond to Plaintiffs' discovery.

23   Finally, in response to his failure to comply with Rule 26(a)(3), Defendant Walsh states he was
24   away from home on business and attending to his ill daughter. The record supports these facts, but
25   neither provides substantial justification for Defendant Walsh's failure to comply with the Rule. The
26   Scheduling Order in this case was issued on January 16, 2009, when Defendant Walsh was
27   represented by Mr. Gourley, and the pretrial disclosure dates remained in effect for the duration of the
28   case. Other than appearing at the August 27, 2009 Case Management Conference before Magistrate

1 Judge Adler, there is no evidence that Defendant Walsh took any action in this case after Mr. Gourley
2 withdrew and before his current counsel, Mr. Cantor, appeared.  Indeed, Defendant Walsh failed to
3 comply with Judge Adler's September 30, 2009 Order directing him to update his contact information
4 as required by Civil Local Rule 83.11.b.

5       This type of conduct is unacceptable from any person appearing in this Court, and especially
6 from someone familiar with litigation and the administrative and judicial processes, as Defendant
7 Walsh is.  In addition to this case, Defendant Walsh has been involved in an administrative proceeding
8 with the California Department of Corrections, a "Malpractice" case, (Notice of Lodgment of Exs. in
9 Opp'n to Mot., Ex. UU at 343), and another civil case in the United States District Court for the
10 Western District of North Carolina, in which he engaged in a course of conduct similar to this case.
11 (*See* Reply Decl. of Edward McIntyre in Supp. of Mot., Ex. 1.)  Those experiences, combined with
12 Defendant Walsh's general business sophistication, detract from his explanation for failing to comply
13 with the Rules.

14       In light of the above, Defendant Walsh is precluded from providing any evidence in opposition
15 to Plaintiffs' motion, in accordance with Rule 37(c)(1).  Absent any evidence in opposition, Plaintiffs'
16 motion is granted.

17 **IT IS SO ORDERED**.

18 DATED: April 22, 2010

20 HON. DANA M. SABRAW
United States District Judge